**BRYAN CAVE LEIGHTON PAISNER LLP**
David Harford, California Bar No. 270696
david.harford@bclplaw.com
Jina Shin, California Bar No. 339309
jina.shin@bclplaw.com
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Third-Party Defendants MONEY MAILER, LLC; and specially appearing defendant ERAN SALU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MITTERA ACQUISITION, LLC, a Iowa corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>MONEYMAILERUSA INCORPORATED, a Delaware corporation; LOCAL MARKETING SOLUTIONS GROUP, INC. a Illinois corporation; and Does 1 through 10, Inclusive,<br><br>             Defendants. | Case No. 8:23-CV-02315 CJC (JDEx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR *FORUM NON CONVENIENS***<br><br>[Filed concurrently with Declaration of Eran Salu; and [*Proposed*] Order]<br><br>Date: March 25, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 9B<br><br>Action Filed: December 7, 2023<br>Third-Party Complaint Filed: December 27, 2023<br>Trial Date: Not set. |
| LOCAL MARKETING SOLUTIONS GROUP, INC., an Illinois corporation,<br><br>             Third Party Plaintiff,<br><br>     v.<br><br>MONEY MAILER, LLC, a Missouri limited liability company; ERAN SALU, an individual; and ROES 1 through 20, Inclusive,<br><br>             Third Party Defendants. | |

NOTICE OF MOTION AND MOTION TO DISMISS THIRD-PARTY COMPLAINT FOR FORUM NON CONVENIENS

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. RELEVANT BACKGROUND .................................................................................. 2

    A. Factual Background of the Dispute .............................................................. 2

    B. The Forum-Selection Clause in the APA ...................................................... 4

III. LEGAL STANDARD .................................................................................................. 4

    A. LMSG's Third Party Complaint is Subject to the APA's Mandatory Forum Selection Clause ................................................................................ 5

    B. Delaware is an Adequate Alternative Forum ................................................ 6

    C. The Public Interest Factors Weigh in Favor of Dismissal ............................ 7

        a. Local interest in lawsuit. ...................................................................... 8

        b. Court's familiarity with governing law. .............................................. 8

        c. Burden on local courts and juries. ....................................................... 8

        d. Court congestion. ................................................................................. 9

        e. Costs of resolving dispute. .................................................................. 9

    D. The Private Interest Factors Also Support Litigating this Case in Delaware ....................................................................................................... 10

        a. Residence of parties and witnesses ................................................... 10

        b. Conveniences of the witnesses and access to evidence. .................. 11

        c. Ability and costs of bringing witnesses to trial. ............................... 11

        d. Practical issues ................................................................................... 11

IV. CONCLUSION ......................................................................................................... 12

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
    571 U.S. 49 (2013) .................................................................................. 1, 5, 10

*Bank of Delaware v. Allstate Ins. Co.*,
    448 A.2d 231 (Del. Super. Ct. 1982) ................................................................ 7

*Calisher & Assocs., Inc. v. RGCM, LLC*,
    373 F. App'x 697 (9th Cir. 2010) ..................................................................... 5

*Campbell v. Starwood Hotels & Resorts Worldwide, Inc.*,
    2008 WL 2844020 (S.D. Fla. 2008) ................................................................ 7

*Carijano v. Occidental Petroleum Corp.*,
    643 F.3d 1216 (9th Cir. 2011) ................................................................. *passim*

*Carl's Jr. Restaurants LLC v. 6Points Food Servs. Ltd.*,
    2016 WL 3671116 (C.D. Cal. July 7, 2016) ............................................... 9, 10

*Cox v. CoinMarketCap OpCo LLC*,
    2023 WL 1929551 (D. Ariz. Feb. 10, 2023) .................................................... 8

*Delle Donne & Assocs., LLP v. Millar Elevator Serv. Co.*,
    840 A.2d 1244 (Del. 2004) ............................................................................... 7

*People ex rel. Dep't of Transportation v. Superior Ct.*,
    26 Cal. 3d 744 (1980) ....................................................................................... 9

*DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*,
    65 F.4th 547 (10th Cir. 2023) ........................................................................... 7

*Docksider, Ltd. v. Sea Tech., Ltd.*,
    875 F.2d 762 (9th Cir. 1989) ........................................................................ 5, 6

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) .......................................................................... 5

*Ent. Radio Network, LLC v. Time, Inc.*,
    2016 WL 4697367 (D. Or. May 18, 2016) ....................................................... 8

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
    817 F.2d 75 (9th Cir. 1987) .................................................................................. 5, 10

*LiveCareer Ltd v. Su Jia Techs. Ltd.*,
    2015 WL 1448505 (N.D. Cal. 2015) ............................................................................ 7

*Lony v. E.I. Du Pont de Nemours & Co.*,
    886 F.2d 628 (3d Cir. 1989) ("Delaware has an interest in seeing [its]
    laws enforced") ............................................................................................................ 8

*Lueck v. Sundstrand Corp.*,
    236 F. 3d 1137 (9th Cir. 2001) ............................................................................. 6, 10

*N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*,
    69 F.3d 1034 (9th Cir. 1995) ........................................................................................ 5

*of ODP Corp. v. Allen*,
    277 A.3d 296 (Del. Ch. 2022) ...................................................................................... 7

*Russell v. Hilton Int'l of Puerto Rico, Inc.*,
    1994 WL 38516 (S.D.N.Y. 1994) ................................................................................. 7

*Shoemake v. Union Pacific R.R. Co.*,
    233 F. Supp. 2d 828 (E.D. Tex. 2002) ...................................................................... 12

*Tradimpex Egypt Co. v. Biomune Co.*,
    777 F. Supp. 2d 802 (D. Del. 2011) ............................................................................ 9

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on March 25, 2024, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 9B of the above-captioned Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Third-Party Defendants MONEY MAILER, LLC ("**MM LLC**") and specially appearing defendant ERAN SALU ("**Salu**") (together, the "**Third-Party Defendants**"), will and hereby do move the Court for an order dismissing the Complaint of Third-Party Plaintiff LOCAL MARKETING SOLUTIONS GROUP, INC. ("**LMSG**") on the basis of *forum non conveniens* (the "**Motion**") on the ground that this Court is an inconvenient forum for the trial of LMSG's claims against Third-Party Defendants.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 6, 2023.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Eran Salu, all pleadings and papers on file in this action, and such other matters as the Court may consider.

Dated: February 20, 2024  BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ David Harford*
David Harford
Attorney for Third-Party Defendants
MONEY MAILER, LLC; and ERAN SALU

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Third-Party Plaintiff Local Marketing Solutions Group, Inc.'s ("**LMSG**") complaint arises out of an Asset Purchase Agreement ("**APA**") that it entered into with Money Mailer, LLC ("**MM LLC**"). In the APA, LMSG and MoneyMailer USA ("**MM USA**") agreed to sell the assets of MM USA to MM LLC.  The parties also agreed in the APA that MM LLC would assume several debts incurred by MM USA prior to December 31, 2022, but not the debts that Mittera now seeks to recover from LMSG. This has not stopped LMSG from seeking to bring MM LLC and its principal, Eran Salu ("**Salu**") (collectively "**Third Party Defendants**"), into this case as alleged indemnitors. While MM LLC stands ready to prove its defenses on the merits of this case and assert its own counter claims, it respectfully submits that the Third Party Complaint should be dismissed under the doctrine of *forum non conveniens* because Section 9.8 of the parties' APA selects Delaware as the mandatory forum for resolution of their disputes. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63, 66 (2013) ("When there is a forum-selection clause, the plaintiff's choice of forum is not given any weight, and the plaintiff has the burden of establishing that dismissal is unwarranted.").

In a case like this where there is mandatory forum selection clause, the Court need only consider whether the alternative forum is adequate and whether the public interest factors associated with the traditional *forum non conveniens* analysis weigh in favor of dismissal.  Delaware is an adequate alternative forum. Both Third-Party Defendants are amenable to process there whereas Salu is not subject to personal jurisdiction in this Court. Delaware law also provides a satisfactory remedy to LMSG for its claims for indemnity, breach of contract, breach of fiduciary duty, unjust enrichment, and declaratory relief.

The public interest factors weigh in favor of dismissal. The local interest in this dispute is minimal since the dispute is one in which a nonresident is suing another non-resident over conduct that did not occur in California. In addition, the dispute between

MM LLC and LMSG regarding the APA is much broader than the underlying breach of contract complaint in which Mittera seeks payment for services it rendered. If forced to defend itself in this forum, MM LLC intends to file counterclaims for fraud and breach of contract.

Because this dispute involves parties and witnesses that are not California residents, will increase the complexity of this case, and arises out of an agreement governed by Delaware law, it would be unfair to burden this already-congested Court with a collateral dispute that the parties already agreed would be decided in Delaware. Moreover, as the parties and material witnesses do not reside in California, they will need to incur additional expenses if this dispute is tried in California.

While the private interest factors need not be considered by this Court given the mandatory forum-selection clause in the APA, those factors also tilt towards dismissal because all parties and most (if not all) material witnesses to this dispute reside outside of California. The inconvenience and costs arising of bringing witnesses to trial would be high compared to trying the matter in Delaware, which is closer to all the key witnesses.

Given that Delaware is an adequate alternative forum and the balance of the private and public interest factors weigh in favor of litigating in Delaware, dismissal is warranted.

## II. **RELEVANT BACKGROUND**

### A. **Factual Background of the Dispute**

LMSG is a "holding company for businesses offering marketing solutions[.]" (TPC at ¶ 18.) In April 2020, LMSG acquired the Money Mailer business and operated it as "MM USA." (*Id.* at ¶ 19.) In June 2020, LMSG executed a guarantee of MM USA's debts. (*Id.* at ¶ 21.)

LMSG alleges that in August 2022, it began discussions with Salu regarding the potential sale of MM USA to Salu's company, JAL. (*Id.* at ¶ 22). In fact, these discussions began because MM USA—under LMSG's management—was so in debt

to one of JAL's affiliates that a partial acquisition was negotiated for in lieu of payment. (*See* Declaration of Eran Salu ("**Salu Decl.**") at ¶¶ 14-16.) LMSG further claims that Salu "used threats of coercion and duress to force other directors and officers in MMUSA to resign so that he could install himself as MMUSA's sole officer and director[.]" (*Id.* at ¶ 17.) Salu did not make "threats of coercion." Salu negotiated on behalf of JAL and MM LLC for control of the business so that the prior officers and directors would not continue to mismanage the business, a condition that was important to MM LLC even considering to purchase the assets and certain liabilities of MM USA. (*Id.* at ¶ 17; *see id.* at ¶¶ 15-16.)

LMSG claims that once Salu assumed the position of MM USA's sole officer, he ordered but did not pay for printing services from Mittera – the very services which Mittera seeks to hold LMSG liable for in the underlying litigation. (TPC at ¶¶ 23, 26.) LMSG contends that it is not liable for those debts because those debts were incurred while Salu was MM USA's sole officer and director. (*Id.* at ¶¶ 2, 4.) LMSG contends that it did not authorize or benefit from those services, and that it "had no ability to direct MM USA to pay the resulting invoices." (*Id.*)

The parties entered into the APA on March 6, 2023. (Salu Decl.. at ¶ 19; *see id.*, Ex. 1 ("APA").) In the APA, MM LLC purchased the assets of MM USA and assumed certain, specific liabilities. (*Id.* at ¶ 22; *see also id.*, Ex. 1 at ¶ 1.2.) It did not take on "liabilities incurred in the normal and ordinary course of business of [LMSG] since December 31, 2022[.]" (*Id.*, Ex. 1 (APA) ¶ 2.8.) Those liabilities, including the debts at issue here, remained the "liabilities and obligations of [MM USA] from and after the Closing." (*Id.* at ¶ 22; *see id.*, Ex. 1 ("APA") at ¶ 2.8.) And critically, and contrary to what was represented in the APA, LMSG pocketed the $1.2 million received as the purchase price under the APA despite the fact that the purchase price represented amounts owed by MM USA to JAL, as well as the fact that the APA specifically contemplated that the cash would be used to satisfy MM USA's obligations incurred between December 31, 2022 and the closing, including liabilities owed to employees

3
NOTICE OF MOTION AND MOTION TO DISMISS THIRD-PARTY COMPLAINT FOR FORUM NON CONVENIENS

and the Mittera debts at issue here. (*Id.* at ¶¶ 23, 28; *see id.*, Ex. 1 (APA) at ¶ 1.5.)

On September 12, 2023, Mittera filed the instant lawsuit against MM USA and LMSG. (*Id.* at ¶ 32.) On December 27, 2023, LMSG filed the instant lawsuit seeking indemnity pursuant to the APA. If LMSG's claim is not dismissed in favor of jurisdiction in Delaware, MM LLC intends to file a counter-claim in this case against LMSG for breach of contract, fraud, and conversion arising out of LMSG's misconduct related to the negotiation and performance of the APA.

### B. The Forum-Selection Clause in the APA

In Section 9.8 of the APA, MM LLC and LMSG agreed to exclusive jurisdiction in Delaware for resolving disputes about the agreement in a governing law clause stating:

> **This Agreement shall be construed and interpreted according to the laws of the State of Delaware**, without regard to its conflict of law provisions which would require the application of the laws of a state other than Delaware, and **each Party consents to the exclusive jurisdiction of the Delaware Court of Chancery or, if it has or can obtain jurisdiction, any federal court situated in the State of Delaware**. Each of the Parties waives, to the fullest extent permitted by law, any objection that it may not or hereafter have to the laying of venue of any such proceedings in such a court and any claim that any such proceedings brought in such a court have been brought in an inconvenient forum.

Salu Decl., Ex. 1 (APA) at § 9.8 (emphasis added).

## III. LEGAL STANDARD

"'The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.'" *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). Generally, "[t]o prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Id.* When there is a mandatory forum-selection clause, the Court only considers whether the alternative forum is

adequate and if the public interest factors weigh in favor of dismissal. The plaintiff's choice of forum is <u>not</u> given any weight, and the plaintiff has the burden of establishing that dismissal is unwarranted. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63, 66 (2013).

### A. LMSG's Third Party Complaint is Subject to the APA's Mandatory Forum Selection Clause

A forum-selection clause can be mandatory or permissive. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987). "Permissive forum-selection clauses allow, but do not require, litigation in a designated forum, whereas mandatory forum-selection clauses require exclusive jurisdiction." *Id.* (emphasis added). *See Atl. Marine Const. Co.,* 134 S. Ct. at 581-82. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995); *see Calisher & Assocs., Inc. v. RGCM, LLC*, 373 F. App'x 697 (9th Cir. 2010) (holding clause as mandatory because it "does not use permissive language nor does it merely evince consent to the jurisdiction"). "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). But, "where venue is specified with mandatory language the clause will be enforced." *Id.* "A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009).

The forum-selection clause in the APA does not use permissive language. It states that "each Party consents to **the *exclusive* jurisdiction** of the Delaware Court of Chancery or, if it has or can obtain jurisdiction, any federal court situated in the State of Delaware." Salu Decl., Ex. 1 (APA) at § 9.8 (emphasis added). The clause further provides "[e]ach of the Parties waives, to the fullest extent permitted by law,

1 any objection that it may not or hereafter have to the laying of **venue** of any such
2 proceedings in such a court" and that "**each Party consents to the exclusive**
3 **jurisdiction** of the Delaware Court of Chancery or, if it has or can obtain jurisdiction,
4 any federal court situated in the State of Delaware." *Id.* (emphasis added). *Id.* (emphasis
5 added).

This language renders the APA's forum-selection clause mandatory. *See Docksider, Ltd.*, 875 F.2d at 764 (finding that language stating " '[v]enue of any action brought hereunder shall be deemed to be in ... Virginia" renders the clause mandatory."). The appropriate *forum non conveniens* analysis for this case considers only whether Delaware is an adequate forum and whether the public interest factors weigh in favor of honoring the parties' pre-dispute stipulation to exclusive jurisdiction in Delaware.

### B. Delaware is an Adequate Alternative Forum.

"An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano*, 643 F.3d at 1225. "A 'dismissal on grounds of forum non conveniens may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery,' but an alternate forum offering a "clearly unsatisfactory" remedy is inadequate." *Id.* (internal citations omitted); *see also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144 (9th Cir. 2001). "[T]here is support among the various circuits for the idea that all parties (and by extension the entire case) must be subject to the jurisdiction of an alternative forum in order for it to be considered available under forum non conveniens." *DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*, 65 F.4th 547, 554 (10th Cir. 2023).

Here, all parties in this dispute are amenable to service of process in and submit to the jurisdiction of Delaware. (*See* Salu Decl. at ¶ 25.) By contrast, third-party defendant Salu has challenged whether he is properly subject to this Court's jurisdiction in a concurrently filed motion. Federal courts have declined to exercise

6
NOTICE OF MOTION AND MOTION TO DISMISS THIRD-PARTY COMPLAINT FOR FORUM NON CONVENIENS

their jurisdiction when a defendant cannot be joined because of jurisdictional issues and the Third-Party Defendants respectfully submit this Court should do the same. *See Russell v. Hilton Int'l of Puerto Rico, Inc.*, 1994 WL 38516, at *6 (S.D.N.Y. 1994) ("The factor weighing most heavily in favor of transfer in this case is this court's lack of personal jurisdiction over Spas, against which the Caribe Hilton has cross-claimed for indemnity."); *see also Campbell v. Starwood Hotels & Resorts Worldwide, Inc.*, 2008 WL 2844020, at *6 (S.D. Fla. 2008) ("[T]he fact that it is generally preferable to litigate all claims related to a single incident in a single case, the inability to implead Ocean Motion does weigh in favor of [dismissal].").

Delaware law and its courts offer comparable remedies to a plaintiff for all of LMSG's claims for indemnity, breach of contract, breach of fiduciary duty, unjust enrichment, and declaratory relief. *See, e.g., Delle Donne & Assocs., LLP v. Millar Elevator Serv. Co.*, 840 A.2d 1244 (Del. 2004) (indemnity); *Garfield on behalf of ODP Corp. v. Allen*, 277 A.3d 296 (Del. Ch. 2022) (breach of contract and fiduciary duty); *Bank of Delaware v. Allstate Ins. Co.*, 448 A.2d 231 (Del. Super. Ct. 1982) (declaratory judgment). Unsurprisingly, federal courts have routinely held that Delaware is an adequate alternative forum. *See e.g., LiveCareer Ltd v. Su Jia Techs. Ltd.,* 2015 WL 1448505, at *6 (N.D. Cal. 2015) ("Resume Companion has demonstrated that an alternative forum exists in Delaware."); *Ent. Radio Network, LLC v. Time, Inc.,* 2016 WL 4697367, at *8 (D. Or. May 18, 2016) ("The appropriate districts in [] Delaware are alternative forums"); *Cox v. CoinMarketCap OpCo LLC*, 2023 WL 1929551, at *10 (D. Ariz. Feb. 10, 2023) (same).

In short, the entire dispute can be resolved in Delaware as the parties already agreed in the APA.

### C. The Public Interest Factors Weigh in Favor of Dismissal.

"The public factors related to the interests of the forums include: '(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a

dispute unrelated to a particular forum.'" *Carijano*, 643 F.3d at 1232. (internal citations omitted).

### a. *Local interest in lawsuit.*

There can be no question that this factor weighs against a California forum. Here, a nonresident is suing another non-resident over conduct that did not take place in the state. (*See* Salu Decl., ¶¶ 2-5, 7.) California's interest in this lawsuit is minimal.

### b. *Court's familiarity with governing law.*

The APA is governed by Delaware law: "This Agreement shall be construed and interpreted according to the laws of the State of Delaware, without regard to its conflict of law provisions which would require the application of the laws of a state other than Delaware[.]" (*Id.*, Ex. 1 (APA) at § 9.8.) The parties agreed that Delaware law would govern any disputes relating to the APA and LMSG does not dispute that Delaware law will govern its claims against Third-Party Defendants. (*See generally*, TPC.) While Defendant has no doubt that this Court is capable of correctly applying Delaware law, Delaware Courts have a greater interest in applying that state's law. This factor weighs in favor of dismissal. *See Lony v. E.I. Du Pont de Nemours & Co.,* 886 F.2d 628, 643 (3d Cir. 1989) ("Delaware has an interest in seeing [its] laws enforced").

### c. *Burden on local courts and juries.*

The parties to this lawsuit do not reside in California. Most, if not all, material witnesses do not live in California. The cornerstone of LMSG's claims against Third-Party Defendants (and MM LLC's potential cross-claims) is the APA, which is governed by Delaware law. Given that this dispute involves non-California residents, requires non-California witnesses, and arises out of an agreement governed by Delaware law, it would be unfair to burden a court and citizens in this unrelated forum.

Furthermore, this is an indemnity lawsuit and it does not accrue until LMSG is held liable for the Mittera debts at issue in this case. *See People ex rel. Dep't of Transportation v. Superior Ct.*, 26 Cal. 3d 744, 748 (1980) ("The indemnity action, unlike

1  the plaintiff's claim . . . instead accrues at the time that the tort defendant pays a
2  judgment or settlement as to which he is entitled to indemnity.") Forcing Third-Party
3  Defendants to proceed with this litigation in California right now would result in MM
4  LLC asserting its counterclaims against LMSG, which would create a time-consuming
5  sideshow for the Court and jury about the negotiation of the APA and the parties'
6  compliance with its terms. This counterclaim has little bearing on the validity or
7  enforceability of the underlying debt owed by MM USA to Mittera. *See id.*
8  ("[I]ndemnity action is separate and distinct from the plaintiff's tort action.") The
9  court and citizens in an unrelated forum should not be burdened with also having to
10 deal with additional issues unrelated to the underlying dispute.
11         This factor favors dismissal.

### d.     *Court congestion.*

13         This district's dockets are "highly congested." *Carl's Jr. Restaurants LLC v. 6Points*
14 *Food Servs. Ltd.*, 2016 WL 3671116, at *8 (C.D. Cal. July 7, 2016), judgment entered,
15 No. CV 15-9827-GHK (ASX), 2016 WL 3660191 (C.D. Cal. July 7, 2016) ("[B]ased on
16 our familiarity with this district's dockets, we know that our court is highly
17 congested."). Delaware's federal courts are also busy. *See Tradimpex Egypt Co. v. Biomune*
18 *Co.*, 777 F. Supp. 2d 802, 810 (D. Del. 2011) ("[T]he District of Delaware is a very
19 busy District").This factor is neutral.

### e.     *Costs of resolving dispute.*

21         The parties and material witnesses do not reside in California. MM LLC is
22 incorporated and headquartered in Missouri. (Salu Decl. at ¶ 5.) Salu lives in Florida
23 and Missouri. (*Id.* at ¶ 2, 6.) LMSG is incorporated and headquartered in Illinois. (TPC
24 at ¶ 9.) Al Croke, the principal of LMSG, is a critical witness and a resident of Florida.
25 The distance between Florida and Delaware is 1,000 miles, whereas the distance
26 between Florida and California is nearly 3,000 miles.  Missouri and Illinois are also
27 closer to Delaware than to California. To resolve this dispute, the Court may have to
28 enforce third party subpoenas on foreign witnesses and it will have to accommodate

the travel schedules of these same witnesses for trial. In addition, the parties and witnesses will incur more travel expenses getting to California than if the case is tried in Delaware. This factor leans in favor of dismissal.

### D. The Private Interest Factors Also Support Litigating this Case in Delaware.

Although the private interest factors need not be considered here, those factors still weigh in favor of dismissal. *See Atl. Marine Const. Co.*, 571 U.S. at 67 (holding that the lower court erred in giving weight to arguments about the parties' private interests).

"'The factors relating to the private interests of the litigants include: '(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Carijano*, 643 F.3d at 1229. "The district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each. It should consider them together in arriving at a balanced conclusion." *Lueck*, 236 F.3d at 1145-46 (internal citations omitted).

#### a. *Residence of parties and witnesses.*

As detailed in Part C(c), above, all parties and most of the key witnesses to the dispute reside outside of California, in Missouri, Florida, or Illinois. For example, material witnesses such as Al Croke and Eran Salu are based in Florida which is only 1,000 miles away from Delaware but 2700 miles away from this district. Similarly, an affiliate of JAL, ColorArt LLC, is also a material witness that does not reside in California. Instead, it is incorporated and headquartered in Missouri, which is twice as far away from this district as it is from Delaware (1800 versus 900 miles). ColorArt's testimony is crucial in illustrating the circumstances leading up to the execution of the APA and relationship between the parties, but it will be far costlier to have it appear in

a forum nearly 2000 miles away from its headquarters as opposed to in Delaware, where the parties agreed their disputes under the APA would be resolved.

Given that the parties and material witnesses are non-California residents, this factor weighs in favor of dismissal.

### b. **Conveniences of the witnesses and access to evidence.**

As discussed above, the residence of the witnesses tilts this factor in favor of dismissal. *See Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002) (stating that the convenience of the parties is entitled to less weight than convenience of non-party witnesses).

With respect to access to evidence, at best, this factor is neutral. Since the parties and material witnesses reside outside of California, it is likely that access to evidence (especially that within the possession of the witnesses) may be hindered. On the other hand, a majority of necessary evidence may be in electronic format and remote exchange of documents and communications may be accessible.

However, given that key witnesses reside outside of California, this factor leans towards dismissal.

### c. **Ability and costs of bringing witnesses to trial.**

As discussed above, the parties and material witnesses do not reside in California. This factor weighs in favor of dismissal.

### d. **Practical issues**

This factor weighs in favor of dismissal for similar reasons discussed above. Moreover, as discussed above, this is an indemnity lawsuit that is only ripe if and when LMSG is held liable for the debts. Forcing Third-Party Defendants to proceed with the litigation now (and assert their counterclaims against LMSG) would inevitably result in a sideshow for the Court on a case that is really about an unpaid debt. This factor tilts in favor of dismissal.

## IV. CONCLUSION

In 2023, LMSG and MM LLC, two sophisticated, commercial entities represented by counsel, negotiated a contract providing for MM LLC to purchase assets and certain liability of a company LMSG owned, MM USA. As part of that contract, the parties agreed that their disputes regarding the obligations under the APA would be resolved exclusively in the courts of the state of Delaware. Now that a dispute has arisen about the obligations under the APA, LMSG seeks to avoid its contractual obligation to bring its dispute to Delaware and has sued in this Court, which has no material connection to the dispute.

WHEREFORE, Third Party Defendants respectfully submit that this Court should exercise its discretion to dismiss this action without prejudice, so that the parties may have their rights adjudicated in a Delaware court.

Dated: February 20, 2024

BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ David Harford*
David Harford
Attorney for Third-Party Defendants MONEY MAILER, LLC; and ERAN SALU

### Certificate of Compliance with 11-6.1

The undersigned, counsel of record for Third Party Defendants certifies that this brief contains 3,984 words, which complies with the word limit of L.R. 11-6.1.

February 20, 2024

David Harford