Christopher C. Cianci, Esq. (SBN: 266174)
ccianci@lbbklaw.com
LAGASSE BRANCH BELL+ KINKEAD LLP
707 Wilshire Blvd., Suite 3225
Los Angeles, CA 90017
Telephone: (213) 817-9152
Facsimile: (213) 817-9154

Attorneys for Defendant
MONEY MAILER LLC

# UNITED STATES CENTRAL DISTRICT COURT OF CALIFORNIA

## SOUTHERN DIVISION, SANTA ANA

| | |
|---|---|
| MITTERA ACQUISITION, LLC, an Iowa Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MONEYMAILERUSA INCPORATED, a Delaware corporation; LOCAL MARKETING SOLUTIONS GROUP, INC., an Illinois corporation; MONEY MAILER LLC, a Missouri limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:23-CV-02315-MRA-JDEX<br><br>**DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Monica Ramirez Almadani<br>Courtroom: 10B<br>Courthouse: 350 W. 1st St., Los Angeles, CA 90012<br><br>Magistrate Judge: Hon. John D. Early<br>Courtroom: 6A<br>Courthouse: 411 W. 4th St., Santa Ana, CA 92701<br><br>State Action filed: September 12, 2023   Removal date: December 7, 2023   FAC filed: November 12, 2024 |

Defendant MONEY MAILER LLC (Defendant or MMLLC) answers the First Amended Complaint filed by Plaintiff MITTERA ACQUISITION LLC (Plaintiff) as follows:

///
///

-1-
**DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**

## THE PARTIES AND JURISDICTION

1. Responding to paragraph 1 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

2. Responding to paragraph 2 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

3. Responding to paragraph 3 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

4. Responding to paragraph 4 of the First Amended Complaint, Defendant admits that MMLLC is a Missouri limited liability company that does business in the State of California. Defendant denies each and every, all and singular, generally and specifically the remaining allegations contained therein.

5. Responding to paragraph 5 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

6. Responding to paragraph 6 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

///

**DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**

7. Responding to paragraph 7 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

8. Responding to paragraph 8 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

9. Responding to paragraph 9 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

10. Responding to paragraph 10 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

11. Responding to paragraph 11 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

12. Responding to paragraph 12 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each

**DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**

and every, all and singular, generally and specifically the allegations contained therein.

## FACTUAL ALLEGATIONS

13. Responding to paragraph 13 of the First Amended Complaint, Defendant admits that on or about May 8, 2020, Defendant MONEYMAILERUSA INCORPORATED (MMUSA) completed an "Application for Credit, Personal Continuing Guaranty, and Authorization" with Trend Offset Printing Services, Inc. (TREND). Defendant lacks sufficient information or knowledge upon which to form a belief as to the remaining allegations and on that basis denies each and every, all and singular, generally and specifically, those remaining allegations.

14. Responding to paragraph 14 of the First Amended Complaint, Defendant admits that on or about June 17, 2020, Defendant LOCAL MARKETING SOLUTIONS GROUP, INC. (LMSG) entered into a "Corporate Guarantee" with TREND. Defendant lacks sufficient information or knowledge upon which to form a belief as to the remaining allegations and on that basis denies each and every, all and singular, generally and specifically, those remaining allegations.

15. Responding to paragraph 15 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

16. Responding to paragraph 16 of the First Amended Complaint, Defendant admits that on or about March 6, 2023, MMLLC purchased certain assets and liabilities of MMUSA subject to an asset purchase agreement. Defendant denies each and every, all and singular, generally and specifically the remaining allegations contained therein.

17. Responding to paragraph 17 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief

1  and on that basis denies each and every, all and singular, generally and
2  specifically, the allegations contained therein.

3      18.    Responding to paragraph 18 of the First Amended Complaint,
4  Defendant denies each and every, all and singular, generally and specifically the
5  allegations contained therein regarding MMLLC. Defendant lacks sufficient
6  information or knowledge upon which to form a belief as to the remaining
7  allegations and on that basis denies each and every, all and singular, generally and
8  specifically, those remaining allegations.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT

11      19.    Responding to paragraph 19 of the First Amended Complaint,
12  Defendant incorporates by reference its responses to paragraphs 1 through 18 of
13  the First Amended Complaint as though fully set forth herein.

14      20.    Responding to paragraph 20 of the First Amended Complaint,
15  Defendant admits that on or about May 8, 2020, MMUSA completed an
16  "Application for Credit, Personal Continuing Guaranty, and Authorization" with
17  TREND. Defendant lacks sufficient information or knowledge upon which to form
18  a belief as to the remaining allegations and on that basis denies each and every, all
19  and singular, generally and specifically, those remaining allegations.

20      21.    Responding to paragraph 21 of the First Amended Complaint,
21  Defendant lacks sufficient information or knowledge upon which to form a belief
22  and on that basis denies each and every, all and singular, generally and
23  specifically, the allegations contained therein.

24      22.    Responding to paragraph 22 of the First Amended Complaint,
25  Defendant lacks sufficient information or knowledge upon which to form a belief
26  and on that basis denies each and every, all and singular, generally and
27  specifically, the allegations contained therein.

28  ///

23. Responding to paragraph 23 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

## SECOND CAUSE OF ACTION
## COMMON COUNTS – OPEN BOOK ACCOUNT

24. Responding to paragraph 24 of the First Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 23 of the First Amended Complaint as though fully set forth herein.

25. Responding to paragraph 25 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

26. Responding to paragraph 26 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

27. Responding to paragraph 27 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

28. Responding to paragraph 28 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

///

## THIRD CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT

29. Responding to paragraph 29 of the First Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 28 of the First Amended Complaint as though fully set forth herein.

30. Responding to paragraph 30 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

31. Responding to paragraph 31 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

32. Responding to paragraph 32 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

33. Responding to paragraph 33 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

34. Responding to paragraph 34 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

///
///

**DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**

## FOURTH CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT

35. Responding to paragraph 35 of the First Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 34 of the First Amended Complaint as though fully set forth herein.

36. Responding to paragraph 36 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

37. Responding to paragraph 37 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

38. Responding to paragraph 38 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

39. Responding to paragraph 39 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

40. Responding to paragraph 40 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

///
///

## FIFTH CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT

41. Responding to paragraph 41 of the First Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 40 of the First Amended Complaint as though fully set forth herein.

42. Responding to paragraph 42 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

43. Responding to paragraph 43 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

44. Responding to paragraph 44 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

45. Responding to paragraph 45 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

46. Responding to paragraph 46 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

///
///

DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT

47. Responding to paragraph 47 of the First Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 46 of the First Amended Complaint as though fully set forth herein.

48. Responding to paragraph 48 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

49. Responding to paragraph 49 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

50. Responding to paragraph 50 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

51. Responding to paragraph 51 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

52. Responding to paragraph 52 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

///
///

## SEVENTH CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT

53. Responding to paragraph 53 of the First Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 52 of the First Amended Complaint as though fully set forth herein.

54. Responding to paragraph 54 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

55. Responding to paragraph 55 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

56. Responding to paragraph 56 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

57. Responding to paragraph 57 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

58. Responding to paragraph 58 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

///
///

## EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACT – CORPORATE GUARANTEE

59. Responding to paragraph 59 of the First Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 58 of the First Amended Complaint as though fully set forth herein.

60. Responding to paragraph 60 of the First Amended Complaint, Defendant admits that on or about June 17, 2020, LMSG entered into a "Corporate Guarantee" with TREND. Defendant lacks sufficient information or knowledge upon which to form a belief as to the remaining allegations and on that basis denies each and every, all and singular, generally and specifically, those remaining allegations.

61. Responding to paragraph 61 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

62. Responding to paragraph 62 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

63. Responding to paragraph 63 of the First Amended Complaint, Defendant lacks sufficient information or knowledge upon which to form a belief and on that basis denies each and every, all and singular, generally and specifically, the allegations contained therein.

64. Responding to paragraph 64 of the First Amended Complaint, Defendant alleges that this paragraph contains conclusions of law, and as such no other response is required. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

## PRAYER

65. Responding to Plaintiff's prayer for relief, Defendant denies Plaintiff is entitled to the relief it is requesting from MMLLC. Defendant denies, generally and specifically, that Plaintiff has been or will be damaged in the sums alleged, in any other sum, or at all, by reason of any act or omission of Defendant. Defendant further denies, generally and specifically, that the elements of relief sought are available to Plaintiff on the particular claims alleged.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendant hereby states the following defenses to the First Amended Complaint, but does not assume the burden of proof on any such defense except as required by applicable law. Defendant reserves the right to assert additional defenses or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

///

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that Plaintiff lacks standing to maintain its claim against Defendant.

///
///

DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (No Privity of Contract)

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that there was no privity of contract between Plaintiff and Defendant, and therefore Defendant is not liable for any alleged breach of contract.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver & Estoppel)

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that Plaintiff's claim, in whole or in part, fails because Plaintiff's claim is subject to the doctrines of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches & Unclean Hands)

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that Plaintiff's claim, in whole or in part, fails because Plaintiff's claim is subject to the doctrines of laches and Plaintiff's unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that, to the extent Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are barred.

///

DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Alter Ego Liability)**

7. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that there is no basis for alter ego liability as against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that Plaintiff, in the exercise of reasonable diligence, could have mitigated but failed to mitigate, its damages, so its claim is barred or must be reduced. Alternatively, to the extent Plaintiff has mitigated its alleged damages, Defendant is entitled to offset those amounts from any alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

**(No Agency or Employment Relationship)**

9. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that it is not liable on the basis of any alleged agency or employment relationship.

**TENTH AFFIRMATIVE DEFENSE**

**(No Successor Liability)**

10. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that there is no basis for successor liability as against Defendant.

///

**DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

11. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that Plaintiff's alleged damages, which are expressly denied, were, either wholly or in part, proximately caused by and/or contributed to by the fault of others, including, but not limited to Plaintiff, over which Defendant has no control, whether that fault be the proximate result of conduct for which Defendant is not liable. Said conduct bars recovery against Defendant or comparatively reduces its percentage of fault, if any, which fault is denied.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

12. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that any act or omission giving rise to a violation of the law, which Defendant expressly denies, was performed in good faith, and Defendant had reasonable grounds for believing that such act or omission did not violate the law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Events)

13. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION SET FORTH IN PLAINTIFF'S FIRST AMENDED COMPLAINT, Defendant alleges that Plaintiff's claim, in whole or in part, fails because of superseding and intervening events.

14. Defendant presently has insufficient knowledge or information with which to form a belief as to whether it may have additional, yet unstated affirmative defenses. Defendant reserves the right to assert additional affirmative

**DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**

defenses in the event further investigation and discovery indicate that such defenses are appropriate.

Dated: December 23, 2024

LAGASSE BRANCH BELL + KINKEAD LLP

By: _____
Christopher C. Cianci, Esq.
Attorneys for Defendant
MONEY MAILER LLC

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare and state as follows:

I am a citizen of the United States and employed in Los Angeles, County, California. I am over the age of eighteen years and not a party to the within action. My business address is 626 Wilshire Boulevard, Suite 1000, Los Angeles, CA 90017.

On **December 23, 2024**, I caused to be served the following document(s):

1. **DEFENDANT MONEY MAILER LLC'S ANSWER TO PLAINTIFF MITTERA ACQUISITION LLC'S FIRST AMENDED COMPLAINT**

( X )   BY CM/ECF: The document was electronically served on the parties to this action listed below via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

(   )   BY ELECTRONIC SERVICE by electronically mailing a true and correct copy through Lagasse Branch + Bell LLP's electronic mail system to the e-mail address(es) set forth above, or as stated on the below service list.

| |
|---|
| Dianna Heck, Esq.<br>Diane L. Mancinelli, Esq.<br>Mentis Law Group<br>430 E. 8th Street, Suite 262<br>Holland, MI 49423<br>Diane@mentislaw.com<br>Phone: 714-734-8999<br>Fax: 714-734-8669<br>Attorney for Plaintiffs<br>MITTERA ACQUISITION LLC |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 23, 2024, at Los Angeles, California.

_____
Andrea Amezcua